CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 08, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON BLACKBURNE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHWEST REGIONAL JAIL, *et al.*, )<br>    Defendants. ) | Civil Action Nos. 7:24-cv-00587<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Jason Blackburne, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Blackburne's complaint fails to state a claim, and the court will issue an order dismissing this action.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Applying

these standards to Blackburne's complaint, the court concludes that does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Blackburne's claims are that he needs medical shoes for diabetics and denture cleaning tablets for his dentures. (*See* Compl. 2.) Generously construed, Blackburne may have stated an actionable claim for deliberate indifference to his serious medical needs under the Eighth Amendment. *See, e.g.*, *Rodesky v. Wexford Health Source, Inc.*, 582 F. Supp. 3d 594, 608 (C.D. Ill. 2020) (finding that deliberate indifference claim that inmate was not given diabetic shoes survived summary judgment). However, plaintiff has named as defendants the Southwest Regional Jail and Southwest Regional Medical Staff. Generally, a local jail cannot qualify as a "person" subject to being sued under 42 U.S.C. § 1983. *See Miller v. SWVRJA-Duffield*, No. 7:21cv10, 2021 WL 1606469, at *1 (W.D. Va. Apr. 26, 2021). To the extent that Blackburne is intending to sue the Southwest Virginia Regional Jail Authority, a regional jail authority can be sued in its own name under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially promulgated by that body's officers." *Greer v. Herron*, Civil Action No. 7:23-cv-00793, 2024 WL 923203, at *1 (W.D. Va. Mar. 4, 2024) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 558 (1978)). Blackburne has not cited any policy statement, ordinance, regulation, or official decision that resulted in the alleged violations described above. Also, Blackburne cannot generally sue the "medical staff" at his facility. Blackburne needs to identify the person or persons responsible for allegedly violating his constitutional rights to pursue a § 1983 claim. *See Barnes v. Baskerville Corr. Center Med. Staff*, Civil Action No. 3:07CV195, 2008 WL 2564779, at *1 (E.D. Va. June 25, 2008) (plaintiff's allegation that unspecified prison personnel violated

his rights does not adequately state a § 1983 claim, as a correctional facility's medical staff is not a person for purposes of § 1983).

For the foregoing reasons, the court will summarily dismiss Blackburne's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state an actionable claim. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a deliberate indifference claim, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, and only against the proper defendants, if he so chooses.

An appropriate order will be entered.

Entered: October 8, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge